Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
IN RE:                              )    CASE NO.        06-31856 (LMW)
                                    )
  DALE J. PORTER,                   )    CHAPTER         13
                                    )
         DEBTOR.                    )    DOC. I.D. NOS.  45, 50
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

| | |
|---|---|
| David F. Falvey, Esq.<br>258 Route 12<br>Groton, CT 06340 | Attorney for the Debtor |
| Molly T. Whiton, Esq.<br>10 Columbus Boulevard<br>Hartford, CT 06106 | Chapter 13 Trustee |
| Amon James, Esq.<br>265 Church Street, Suite 1103<br>New Haven, CT 06510 | Assistant U.S. Trustee |
| Linda J. St. Pierre, Esq.<br>Hunt, Leibert, Jacobson<br>50 Weston Street<br>Hartford, CT 06120 | Attorney for LVNV Funding LLC/<br>Resurgent Capital Services |
| Merrick Bank<br>c/o Weinstein Riley, P.S.<br>Mail Stop 550<br>2101 4th Avenue, Suite 900<br>Seattle, WA 98121 | Claimant |

**BRIEF MEMORANDUM OF DECISION AND ORDER RE:
DEBTOR'S OBJECTIONS TO PROOFS OF CLAIM**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-referenced debtor (the "Debtor") commenced this chapter 13 case by a petition filed with the court on October 27, 2006. (*See* Doc. I.D. No. 1.);

**WHEREAS,** the Debtor filed a complete set of schedules (*see* Doc. I.D. No. 24) on November 10, 2006 which were later amended (*see* Doc. I.D. Nos. 72, 73);

**WHEREAS,** on January 25, 2007, the Debtor filed objections (collectively, the "Objections") to various proofs of claim (collectively, the "POCs")[1] including, *inter alia*, those at issue here (the "Relevant POCs"): POC Number 7 (filed by Merrick Bank, the "Merrick Bank Claim") and POC Number 16 (filed by Resurgent Capital Services ("RCS") on behalf of LVNV Funding LLC ("LVNV"), the "RCS Claim"). (*See* Doc. I.D. Nos. 45, 50.)[2] The Debtor raised the Objections pursuant to Bankruptcy Code § 502(a) and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Rules");[3]

**WHEREAS,** the Merrick Bank Claim, as amended,[4] asserts a (non-priority) unsecured Alleged Claim for a "credit card" in the amount of $560.81 under an account with "0455" as the last four digits. The box (the "Other Charges Box") to be checked "if claim includes interest or other

---

[1] The alleged claim to which a POC relates is referred to hereafter as an "Alleged Claim."

[2] The above-captioned Objections (Doc. I.D. Nos. 45 and 50) are referred to hereafter as the "Relevant Objections."

[3] On August 28, 2007, the court issued that certain Memorandum of Decision and Order Re: Debtor's Objections to Proofs of Claim (Doc. I.D. No. 121, the "Prior Decision") with respect to objections filed by the Debtor with respect to certain other proofs of claim in this case. That decision sets out the relevant applicable background and familiarity with the Prior Decision is assumed.

[4] The original POC was nearly illegible and had attached a one-page "Account Summary."

charges in addition to the principal amount of the claim" is unchecked. (*See* Claims Register, Claim No. 7-2.);

**WHEREAS,** attached to the amended Merrick Bank Claim are thirteen documents from NextCard each entitled "Credit Card Summary" and three documents from Merrick Bank each entitled "Account Summary" (collectively, the "Statements"). The "Statement Closing Date[s]" listed on the monthly NextCard Statements date from September 21, 2001 through September 18, 2002 and the "Statement Date[s]" on the monthly Merrick Bank Statements include October 21, 2002, November 20, 2002, and January 16, 2003. The most recent Statement shows a "New Balance" of $0.00, with a total of $560.81 (the amount of the claim) listed beside the caption "Charge Off Account." Each Statement includes, or has attached, *inter alia*, the Debtor's name and an address,[5] an account number, outstanding balances (including new and previous balances) and a table listing the "Periodic Finance Charge Summary" used to calculate finance charges. (*See id.*);

**WHEREAS,** the Objection to the Merrick Bank Claim (Doc. I.D. No. 45, the "Merrick Bank Claim Objection") states the following:

> [T]he Debtor . . . disputes that he owes this debt for reasons as follows: 1) This creditor was listed in his petition as a contingent debt. 2) Debtor has written to Merrick Bank, C/O Weinstein and Riley, PS and requested the following: a) any evidence of how Merrick Bank acquired the alleged debt. b) who was the original creditor, if anyone. c) any documentation of a signed contract between the [D]ebtor . . . and any creditor. d) any documentation evidencing the charges in the amount of $560.81 as against the [D]ebtor.

(*Id.*);[6]

---

[5] The Statements contain addresses for the Debtor in Quincy, Massachusetts and North Dartmouth, Massachusetts.

[6] The Merrick Bank Claim Objection was made to the Merrick Bank Claim prior to the amendment.

**WHEREAS,** the RCS Claim asserts an Alleged Claim for "Associates National Bank Oil & Gas Card" in the amount of $1,519.49 under an account with "4111" as the last four digits. The Other Charges Box is checked. (*See* Claims Register, Claim No. 16.);

**WHEREAS,** attached to the RCS Claim are two documents, one entitled "Proof of Claim - Account Detail" (the "Summary") and the other entitled "Assignment and Assumption Agreement" (the "Transfer Agreement"). The Summary includes, *inter alia*, the Debtor's name and a Norwich address, an account number, the pre-petition account balance, and the name of the creditor from which the account was purchased ("Citibank"). The Transfer Agreement purports to transfer all accounts under the Transfer Agreement from Citibank to LVNV.[7] Neither the Debtor's name nor any original account held by the Debtor are mentioned in the Transfer Agreement. (*See id.*);

**WHEREAS,** the Objection to the RCS Claim (Doc. I.D. No. 50, the "RCS Claim Objection") states the following:

> [T]he Debtor . . . disputes that he owes this debt for reasons as follows: 1) Citibank was not listed in his petition as a creditor. 2) Citifinancial was listed as a contingent and disputed creditor with an unknown debt. 3) Debtor has written to [RCS] and requested the following: a) who was the original creditor, if anyone. b) any documentation of a signed contract between the [D]ebtor . . . and any creditor. c) any documentation evidencing the charges in the amount of $1,519.49 as against the [D]ebtor and more specifically any expenditures. 4) Debtor has no knowledge or awareness that he owes [RCS] and/or Citibank, N.A.

(*Id.*);

**WHEREAS,** annexed to each of the Relevant Objections is a letter, each dated January 24, 2007, requesting the information which the Debtor claims to be lacking from the Relevant POCs.

---

[7] The transfer was made through a third party (Sherman Originator LLC) which simultaneously transferred the account to LVNV. (*See* Claims Register, Claim No. 16.)

(*See* Doc. I.D. Nos. 45, 50.) No response was received to either of those letters (*See* Doc. I.D. No. 93 at 1-2.), except that the amended Merrick Bank Claim may have been intended as a response;

**WHEREAS,** on March 22, 2007, a hearing was held on several Objections.[8] Among the Objections before the court was the Merrick Bank Claim Objection, which was taken under advisement;[9]

**WHEREAS,** on May 15, 2007, the court issued that certain Order Requesting Participation of Chapter 13 Trustee, United States Trustee and Other Parties in Interest (Doc. I.D. No. 79) which also scheduled a further non-evidentiary hearing on, *inter alia*, the Objections for May 31, 2007 and requested that the foregoing parties appear at such hearing and take a position as to the sufficiency of proofs of claim in general;[10]

**WHEREAS,** at the May 31, 2007 continued hearing, the court directed counsel for the Debtor to file and serve an affidavit with respect to certain matters. On June 19, 2007, the court issued that certain Order Requiring Affidavit which clarified the court's prior request for an affidavit.[11] A copy of the Affidavit (as defined below) was taken into the record at a July 12, 2007

---

[8] The hearing on the RCS Claim Objection was continued to April 26, 2007 and then to until May 31, 2007.

[9] Merrick Bank was not represented at the hearing. With the exception of the Relevant Objections, the Objections were the subject of the Prior Decision.

[10] A more detailed discussion of such issues can be found in the Prior Decision. (*See id.* 12-16.)

[11] The order required that such affidavit should
. . .
• with respect to any Alleged Claim scheduled by the Debtor in his schedules in any manner whatsoever (even if scheduled as disputed, unliquidated or contingent), the cause (including the factual basis) for such scheduling . . . .

(Doc. I.D. No. 88.)

hearing[12] as Debtor's Exhibit 1. In accordance with the court's verbal directions, that affidavit (Doc. I.D. No. 93, the "Affidavit") was filed with the court and served on effected parties the next day;

**WHEREAS,** on July 26, 2007, a hearing (the "Hearing") was held on the Relevant Objections. At the Hearing, counsel for the Debtor represented to the court that he had spoken by telephone with a representative for B-Line, LLC ("B-Line")[13] who related to him that Weinstein and Riley, P.C., the law firm that filed both the original and the amended Merrick Bank Claim, had either been "discharged or dismissed" by B-Line. The representative stated that B-Line was no longer the owner of the Merrick Bank Claim. Accordingly, the representative agreed with the Debtor's counsel that the claim should be withdrawn and that any documentation regarding such claim in B-Line's possession should be returned to the original creditor. (*See* Oral Record at 11:24:20 *et seq.*) The court has been solicitous of the claimant's rights in respect of the Merrick Bank Claim. However, the court ultimately must deem the foregoing development, when taken together with a failure by anyone to appear at the Hearing to prosecute the Merrick Bank Claim, to constitute an abandonment of that claim;

**WHEREAS,** at the Hearing, counsel for RCS stated that RCS was having difficulty obtaining additional information relating to the RCS Claim. Thus, counsel stipulated that the RCS Claim should be adjudged solely on the documentation already in the record. (*See id.* at 11:37:45 *et seq.*);

---

[12] A hearing on the Merrick Bank Claim Objection and the RCS Claim Objection was continued to July 26, 2007. Reference to the Hearing (as defined below) appears in the following form: "Oral Record at __:__:__."

[13] B-Line is the holder of two other Alleged Claims in this case (*see* Claims Register, Claim Nos. 1, 2), which claims were subsequently withdrawn. B-Line's name does not appear on either the original or the amended Merrick Bank Claim.

**WHEREAS,** at the Hearing, counsel for the Debtor advised the court that he would concede the validity of the claim and not request a further hearing to the extent that the court determined that the Relevant POCs established (respectively) a *prima facie* case. (*See id.* at 11:38:30 *et seq.*);

**WHEREAS,** the court took the Relevant Objections under advisement at the conclusion of the Hearing;

**WHEREAS,** this court has jurisdiction over this core matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and that certain order dated September 21, 1984 of the District Court (Daly, C.J.).[14]

**WHEREAS,** under Rule 3001(f) of the Rules "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim [the "Presumption"]." With respect to the Presumption, the court, in the Prior Decision, stated the following:

> [T]he burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Fed. R. Bankr. P. 3001 by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies the[] requirements [of Fed. R. Bankr. P. 3001], the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence.[15] . . . . If, however, the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, *e.g.*, by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is not

---

[14] That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C. . . . ."

[15] As noted above, counsel for the Debtor stipulated that he would not proceed with an evidentiary hearing in respect of the Objections if the court were to find that a particular POC raises the Presumption. Accordingly, the burden of proof on the Debtor is not relevant to the Objections at issue here.

>  automatically disallowed; rather, it is merely deprived of any *prima facie* validity which it could otherwise have obtained.

(Prior Decision at 12-13) (citations omitted);

**WHEREAS,** under some circumstances a lack of documentation accompanying a proof of claim followed by a creditor's failure to appear or otherwise respond to an objection (an "Insufficient Doc. Objection") made on the grounds of insufficient annexed documentation may result in a disallowance of the claim on procedural (*i.e.,* default) grounds. (*See* Prior Decision at 13.);

**WHEREAS,** in the Prior Decision, this court adopted the following standard as to what constitutes a document summary sufficient to satisfy Official Form 10 and to raise the Presumption if all the supporting documentation is not annexed to the proof of claim:

> [I]n the case of a credit card or consumer account creditor, in order for the proof of claim to be given *prima facie* effect, the creditor must attach an account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined.

(Prior Decision at 15.) Additionally, "[w]hen the creditor is an account assignee, the proof of claim also must specify either the original account number (and original account creditor) or an account number (and creditor) to which the debtor directed at least one prepetition payment." (*Id*.);

**WHEREAS,** this court adopted the following procedure as relates to an Insufficient Doc. Objection:

> If a proof of claim was filed with an account summary sufficient to raise the Presumption as an initial matter, an objector must request a documentation review prior to making an Insufficient Doc. Objection.[16] In other words, when a proof of claim appears to raise the Presumption pursuant to an adequate document "summary," an objector cannot file an Insufficient Doc. Objection in good faith in

---

[16]  In future cases, if the proof of claim provides a valid telephone contact number, that means of communication also should be used to obtain a review of the underlying documentation.

> respect of that proof of claim unless the objector has "tested" the adequacy of the documentation behind the "summary." If no response is received to the objector's document request within two weeks after dispatch or other communication of such request, the objector's obligation to "test" is satisfied and the Insufficient Doc. Objection may be filed. In that event and assuming that there are no unexplained indicia of objector bad faith (see discussion below), failure of the creditor to respond in any manner (formal or informal) to a pre-objection document request and to the Insufficient Doc. Objection itself will result in the sustaining of the Insufficient Doc. Objection (after a hearing on notice) even if the Presumption initially applied.
>
> If the Presumption initially did not apply, the Insufficient Doc. Objection requires at least some response (formal or informal) from the creditor. *See Cluff, supra.* Again assuming that there are no unexplained indicia of objector bad faith, if the creditor fails to respond (either formally or informally) to such an Insufficient Doc. Objection, the objection will be sustained after a hearing on notice.

(Prior Decision at 17-18) (footnotes omitted);

**WHEREAS,** the court notes that the Merrick Bank Claim may raise the Presumption.[17] However, even if the Presumption was initially raised, as noted above the claimant is deemed to have abandoned the claim;

**WHEREAS,** the court is not persuaded that the RCS Claim raises the Presumption because it does not comply with the requirements set forth in the Prior Decision. The attached documentation fails to disclose and break down any Other Charges despite the fact that the Other Charges Box is checked. Furthermore, there is no indication that the account number utilized by RCS is derived from or in any way related to the account number of the Debtor's original account. Furthermore, RCS' counsel indicated the company's inability to provide the additional documentation allegedly "summarized." The court also is satisfied that the RCS Claim Objection was not made in bad faith based on the Debtor's Affidavit;

---

[17] It appears that the Statements attached to the Merrick Bank Claim may qualify as a sufficient "summary" as set forth in the Prior Decision.

**NOW, THEREFORE**, it is hereby **ORDERED** that the Relevant Objections[18] are sustained and the Relevant POCs[19] are disallowed.

Dated: August 28, 2007                                          BY THE COURT

Lorraine Murphy Weil
United States Bankruptcy Judge

---

[18]    Doc. I.D. Nos. 45 and 50.

[19]    POC Numbers 7 and 16.